IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


P.A. NORRIS,

       Plaintiff,

v.                                                                                  CASE NO. 1:06-cv-233-SPM-AK

JAMES B. PEAKE,

       Defendant.

_____/

### **O R D E R**

       This matter is before the Court on Doc. 38, Motion to Dismiss or, Alternatively, for

Summary Judgment, and Doc. 399, Supporting Memorandum and Statement of Facts, by James

B. Peake.  To date, Plaintiff has not filed a response.  While the Court is not required to direct

the filing of a response to a motion to dismiss, it must give her explicit notice when a motion for

summary judgment is involved.  Because it appears that the Court will be referring to matters

outside the pleadings so that the motion will be judged under Fed. R. Civ. P. 56, this notice

follows.

       "[S]ummary judgment may not be entered against a party unless the court has strictly

complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)."  *Brown v. Shinbaum*,

828 F.2d 707, 708 (11th Cir. 1987) (citing *Griffith v. Wainwright*, 772 F.2d 822, 824-25 (11th

Cir. 1985)).  This requires that the Court give express 10-day notice of the summary judgment

rules, of the right to file affidavits or other material, and the consequences of default, i.e., that

final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with *Brown* and *Griffith*.

The Court must therefore advise Plaintiff that in opposing Defendant's motion, she is the nonmoving party, and as Plaintiff, she bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claims. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. *Id.* at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). It is unnecessary for Plaintiff to refile any materials which would be duplicative of documents which are presently before the Court for its consideration, unless necessary to bring those documents into compliance with Rule 56(e).

The Court will take the motion for summary judgment under advisement no later than **January 30, 2009.** Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date.

Accordingly, it is ORDERED:

That the motion for summary judgment with and the statement of facts will be taken

under advisement no later than **January 30, 2009,** and a report and recommendation will be

entered after that date;

That the parties must submit any additional material in support of or in opposition to

summary judgment before that date.

　　　**DONE AND ORDERED** this __*15th*__ day of December, 2008.


　　　　　　　　*s/ A. KORNBLUM*
　　　　　　　　**ALLAN KORNBLUM**
　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**