IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

P.A. NORRIS,

    Plaintiff,

v.                                                            CASE NO. 1:06-cv-233-SPM-AK

JAMES B. PEAKE, SECRETARY,
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion for summary judgment and supporting memorandum. Docs. 38 & 39. The Court gave Plaintiff the requisite *Brown/Griffith* notice and set January 30, 2009, as the deadline for her to submit a response to Defendant's motion. To date, Plaintiff has not filed her response or sought further extension of that deadline.[1] This motion is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion for summary judgment be granted, as the complaint is untimely.

---

[1] The Court reminded Plaintiff of the January 30 deadline when it found her motion for extension of time moot because it would have shortened her response time, rather than extended it. Doc. 45.

**BACKGROUND**

Plaintiff was a staff nurse at the V.A. Medical Center in Gainesville, Florida. Plaintiff suffered from several medical conditions, including an inability to stand for more than five minutes. Doc. 39, Ex. 1. The V.A. subsequently evaluated her fitness for duty and found that she was not physically able to perform the duties of staff nurse. *Id*. Thereafter, Plaintiff applied for and was granted disability retirement. *Id*.

A month after the effective date of her disability retirement, the V.A. announced an opening for a clinic coordinator. Plaintiff applied for the position. She was candid regarding her physical limitations and was initially determined to be qualified for the position after the screener failed to see the addendum to her application which advised of her standing limitation. *Id*. Once the limitations were recognized, the V.A. determined that Plaintiff was not physically qualified for the coordinator position because she could not perform the essential functions of the job, which included being able to stand for more than five minutes, and refused to refer her application for further consideration. *Id*.

Plaintiff filed a charge of discrimination with the EEOC, which found that she had failed to establish by a preponderance of the evidence that the V.A. had discriminated against her in failing to refer her application for further consideration. The final agency decision (FAD) was issued on January 26, 2005. *Id*. The FAD advised Plaintiff that if she wished to appeal the EEOC's decision, she must submit an appeal to the Office of Federal Operations (OFO) of the EEOC within 30 days of her receipt of the FAD. It then set forth the timelines for pursuing an action in this Court, advising Plaintiff (1) that **if she did not appeal** the FAD, then she had to file suit in federal district court within 90 days of receipt of the FAD, and (2) that **if she did**

**appeal**, then she had to file suit within 90 days of the appellate decision. *Id*.

On or about April 20, 2005, Plaintiff submitted an appeal to the EEOC. Doc. 39, Ex. 4. According to the notice of appeal, Plaintiff received the FAD on January 29, 2005. *Id*. On September 8, 2006, Plaintiff's appeal was dismissed as untimely. Doc. 39, Ex. 5. The dismissal notice also advised Plaintiff that she had the right file suit in federal district court within 90 days from the date of receipt of the decision. *Id*. This cause, alleging violation of the Americans with Disabilities Act, was filed on November 9, 2006. Doc. 1.

## DISCUSSION

The only issue before the Court is whether the instant complaint was timely filed, the resolution of which turns on whether the untimely filing of the notice of appeal tolled the deadline for filing suit in this Court as it would have if the notice of appeal had been timely. The courts have consistently found that where a plaintiff files an untimely notice of appeal and makes no further attempt during the initial 90-day time period after the receipt of the FAD to file suit in federal court, any complaint filed after the appeal is dismissed as untimely is also untimely as well. For example, in *Jenkins v. Potter*, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003), the court found that filing suit in federal court within 90 days of receipt of dismissal of an untimely appeal "cannot cure the untimeliness of the original appeal. To hold otherwise would allow a plaintiff to circumvent the administrative procedures set up by Congress," and thus, the plaintiff's complaint was untimely filed. The *Jenkins* court also addressed the issue of the standard notice at the end of the notice of dismissal which, like the notice in this case, advised the plaintiff that suit could be filed within 90 days of receipt of the appellate decision. In that regard, the court found that federal regulations required the EEOC to "give complainants notice of the right to file

a civil action, but this requirement 'does not serve to abrogate initial filing deadlines.'" *Id*. (citation omitted). *See also Demesme v. Frank*, 753 F.Supp. 187 (M.D. La. 1990) (employee failed to timely and properly exhaust administrative remedies where he failed to timely appeal to EEOC, and therefore, district court lacked subject matter jurisdiction over case although employee timely filed suit after receipt of appeals decision); *cf. Mathis v. Corporation for National and Community Service*, 327 F. Supp. 2d (D. Conn. 2004) (though appeal was untimely, plaintiff's complaint, which was filed during initial 90-day time period while appeal was still pending, was timely).

While Plaintiff's complaint was indisputably filed within 90 days of her receipt of the notice dismissing her appeal, the appeal itself was untimely, and thus, her complaint filed here after the conclusion of the appeal was untimely as well since the 90-day filing deadline was not tolled during the pendency of the untimely appeal.

Equitable tolling of the filing deadline is also not available to Plaintiff, as she has come forward with nothing to suggest its applicability, and the Court can discern, of its own accord, no basis for its use. *See generally, Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979).

The burden of proving that this cause was timely filed lies with Plaintiff. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002). She has failed in that regard.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, Doc. 38, be **GRANTED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *6th*  day of March, 2009.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**